UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00821-RLY-MG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Diana Walker filed this negligence case on April 27, 2022 against Defendant the United States of America under the Federal Tort Claims Act ("FTCA") for injuries that she allegedly sustained when she was involved in a motor vehicle accident with an FBI special agent. [*See* Filing No. 1.] Defendant filed its Answer to Plaintiff's Complaint on July 29, 2022, advancing a handful of affirmative defenses. [*See* Filing No. 13.] Pending before the Court is Defendant's Motion for Leave to Amend Answer, [Filing No. 32], in which it seeks leave to amend its Answer to add the affirmative defense of setoff. Plaintiff opposes Defendant's Motion. [Filing No. 37.] Defendant has replied, [Filing No. 38], and the matter is now ripe for the Court's decision.

### I.
### LEGAL STANDARD

"Leave to amend a pleading is to be freely given when justice so requires." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (internal quotation marks omitted) (citing Fed. R. Civ. P. 15(a)(2)). "Even so, leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Id.*

However, before reaching the standard under Fed. R. Civ. P. 15(a)(2), when a party seeks leave to amend after the deadline for amendments to the pleadings has expired, the party first must show "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause."); *see also* *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) ("To amend a pleading after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show 'good cause.'") (internal citation and quotation marks omitted). Courts may "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal citation and quotation marks omitted).

Because the deadline for the parties to amend their pleadings was October 17, 2022, [Filing No. 17 at 2], Defendant must show "good cause" for its belated Motion for Leave to Amend Answer. "Rule 16's 'good cause' standard focuses primarily on the moving party's diligence in seeking leave to amend or supplement its complaint." *R3 Composites Corp. v. G&S Sales Corp.*, 2021 WL 613836, at *3 (N.D. Ind. Feb. 17, 2021). The movant bears the burden of showing why "good cause" exists. *E.F. Transit Inc. v. Ind. Alcohol & Tobacco Comm'n*, 2015 WL 3631742 (S.D. Ind. June 10, 2015).

## II.
### DISCUSSION

Defendant argues that it did not learn about the facts underlying a setoff affirmative defense until January 18, 2023, when Plaintiff provided responses to written discovery (served by Defendant on November 14, 2022) indicating that she had received short-term disability payments following the accident. [Filing No. 32 at 1-2.] In light of this new information, Defendant filed its Motion to add setoff as an affirmative defense. [Filing No. 32 at 2.] Defendant argues that

2

Plaintiff will not be prejudiced by the amendment because she has always had knowledge about the payments she received that may qualify as setoffs.

Plaintiff opposes the addition of a setoff affirmative defense, arguing that Defendant was not diligent in discovering potential setoffs because it did not serve Plaintiff with written discovery until November 14, 2022—*i.e.*, a month after the October 17, 2022 deadline for amending pleadings set in the Case Management Plan.[1]  [Filing No. 37 at 1-2.]  She further notes that Defendant waited another seven weeks from the time it learned that Plaintiff received short-term disability benefits until it filed the instant Motion seeking leave to amend its Answer.  [Filing No. 37 at 2.]  Plaintiff argues that "Defendant should have either asserted their [sic] [setoff] defense in their [sic] Answer, or, issued interrogatories prior to the October deadline."  [Filing No. 37 at 3.]

Defendant replies that Plaintiff's opposition brief does not identify a case supporting her position that leave is inappropriate under these circumstances.  [Filing No. 38 at 1-2.]  And from a practical perspective, argues Defendant, "[p]enalizing [Defendant] for limiting its initial identification of affirmative defenses to those reasonably apparent from the facts of the case as set forth in the complaint would incentivize the precautionary use of laundry-list affirmative defenses pleadings."  [Filing No. 38 at 2.]  And further, in order to meet the October 17, 2022 deadline to amend pleadings, Defendant says it would have needed to serve its written discovery within three weeks of the August 29, 2022 Case Management Plan Order (and that assumes Plaintiff would not seek an extension to respond to discovery).  [Filing No. 38 at 2.]  Defendant also contends that Plaintiff has not even attempted to argue that she would be prejudiced by the addition of a setoff affirmative defense and notes that the parties have already exchanged discovery on the subject.  [Filing No. 38 at 2-3.]

---

[1] The Court entered the Case Management Plan Order on August 29, 2022.  [Filing No. 17.]

**A. Rule 16(b)(4)**

The Court turns first to the Fed. R. Civ. P. 16(b)(4) good cause standard. The Court finds that Defendant acted sufficiently diligent under these circumstances. The fact that Plaintiff received short-term disability benefits was information solely within the knowledge of Plaintiff. Defendant did not learn of these benefits until Plaintiff responded to written discovery. To be sure, Defendant could have (and perhaps should have) served discovery on Plaintiff earlier in the case, but that tactical decision does not itself equate to a lack of diligence.

It was appropriate for Defendant to "delay[] the addition of [its setoff defense] until [it] could determine the propriety of raising such claims consistent with Rule 11." *Woodson v. 3M Co.*, 2022 WL 1450385, at *3 (N.D. Ill. May 9, 2022) (finding good cause following fact discovery supporting a new claim and collecting cases finding same). And, Plaintiff does not deny that Defendant had no way of knowing of the short-term disability benefits until she responded to discovery. *See Tricarico v. Marion Gen. Hosp.*, 2020 WL 6375686, at *2 (N.D. Ind. Oct. 30, 2020) (finding good cause for belated motion to amend answer where defendant learned of information through discovery that it was unaware of when filing its answer); *HMV Indy I v. Inovateus Solar, LLC*, 2020 WL 9607043, at *2 (S.D. Ind. Mar. 12, 2020) ("Newly discovered information can provide the basis for a party to seek leave to amend its pleadings."). The undersigned rejects Plaintiff's implicit argument that defendants should list every conceivable affirmative defense regardless of whether a factual basis then exists. Such a strategy runs counter to both Fed. R. Civ. P. 11 and the professionalism this Court expects from counsel and litigants appearing before it.

Also relevant to the Court's diligence analysis is that key deadlines in this case have not passed. The deadline for damages discovery is August 17, 2023. [Filing No. 17 at 4.] And the

4

Court has not yet set a trial date.  This big-picture case schedule further supports a finding of diligence and good cause under Fed. R. Civ. P. 16(b)(4).

    **B.  Rule 15(a)(2)**

Granting Defendant's Motion for Leave to Amend Answer to add a setoff affirmative defense also comports with the standard set forth in Fed. R. Civ. P. 15(a)(2).  As discussed more thoroughly in the section above addressing diligence under Fed. R. Civ. P. 16(b)(4)'s good cause standard, the Court finds that Defendant has not unduly delayed seeking leave to amend its Answer.  Nor does the Court detect bad faith on the part of Defendant in its delay in seeking leave to amend.  As for prejudice to Plaintiff, the Court finds Plaintiff will not be prejudiced.  As previously discussed, key discovery and other deadlines have not passed.  Furthermore, the facts about Plaintiff's short-term disability benefits have been known and within her control all along; there is no element of surprise here.  Thus, these Fed. R. Civ. P. 15(a)(2) considerations support granting Defendant's Motion as well.

## III.
### CONCLUSION

For the reasons set forth above, Defendant's Motion for Leave to Amend Answer, [32], is **GRANTED**.  The Clerk is **DIRECTED** to file Defendant's Amended Answer, [32-1], instanter.

Date: 3/30/2023

                                                    Mario Garcia
                                                    United States Magistrate Judge
                                                    Southern District of Indiana

**Distribution via ECF to all counsel of record.**